**FILED**
**Oct 25, 2019**
**10:31 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Willie A. Jackson,** | ) | **Docket No.: 2017-01-0541** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Koch Foods of Chattanooga,** | ) | **State File No.: 90515-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **Arch Ins. Co.,** | ) | **Judge: Audrey A. Headrick** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER

The Court conducted a Compensation Hearing on October 15, 2019, on whether Mr. Jackson is entitled to increased permanent partial disability benefits.[1] The issue is whether Mr. Jackson's actions constituted both misconduct and the true motivation for his termination. For the reasons below, the Court finds Koch terminated him for violation of workplace rules, which was Koch's true motivation for his dismissal. The Court, therefore, denies Mr. Jackson's claim for increased benefits.

## History of Claim

Mr. Jackson sustained a right-arm work injury on November 21, 2016, and worked restricted duty at full pay working normal hours. The hearing testimony mostly revolved around three verbal altercations between Mr. Jackson and co-workers.

First, Koch gave Mr. Jackson a written warning on January 30, 2017, due to an argument with a co-worker in the hallway. The Corrective Action Notice reflects a violation involving "loud or offensive language and or behavior."[2] Mr. Jackson explained that the co-worker made a lewd, sexual comment to him but acknowledged

---

[1] At the August 8, 2017 settlement, Mr. Jackson received an original award of $16,204.32. If the Court awarded increased benefits, the parties stipulated to the amount of $10,046.67.

[2] Upon his hiring, Mr. Jackson signed an Acknowledgement of Receipt of Handbook.

1

there "may have been curse words" exchanged by both. Mr. Jackson conceded that Koch could have terminated him over this incident.

Second, Mr. Jackson had a disagreement on April 12, 2017, with the security supervisor. Mr. Jackson asked Mr. Holmes to intervene. According to David Holmes, Complex Human Resources Manager, Mr. Jackson was "very upset." Mr. Holmes asked him to "please try to work with [Koch] as [it tries] to keep him working within his restrictions." Although Mr. Holmes documented the incident, he did not give a written warning.

Third and finally, Mr. Jackson received a suspension on June 14, 2017, for multiple violations of Koch's rules involving two co-workers, Amber Higgins and Ronnie Williams. The Corrective Action Notice reflects three violations: "fighting or provoking a fight," "cursing co-workers," and "threatening employees." The rules state that these violations are "grounds for immediate termination[.]"

Recalling the third event, Mr. Jackson explained that employees are expected to place their smocks, beard nets and gloves in specific places in the smock room before leaving work. He stated Mr. Williams intentionally "threw things on the floor" as he left. Mr. Jackson immediately confronted him about it, but Mr. Williams was dismissive. Over ten minutes later, Mr. Jackson went outside to smoke, saw Mr. Williams, and again discussed the matter, "trying to dial down what happened." He said he did not curse or threaten Mr. Williams.

Ms. Higgins witnessed the June 14 incident and provided a written statement. She saw Mr. Williams drop his hairnet on the floor and said Mr. Jackson later came into the hallway cursing. Mr. Jackson followed them outside approximately two to three minutes later cursing at Mr. Williams as they walked towards her car.[3] She testified that Mr. Jackson said, "I don't know why you're f'n with me. I'm gonna beat you up. . . . Don't come back to my smock room for nothing, sucka boy." After leaving Koch, Ms. Higgins suggested that they report the incident because she felt threatened.

When Mr. Williams testified, he indicated he dropped his work clothing into a bin, and it fell off because the bin was piled high. Mr. Jackson reacted angrily, so he threw it back onto the bin. After Mr. Williams clocked out, and left the building with Ms. Higgins, Mr. Jackson came outside cursing, and essentially said, "I'll put these hands on you. Just because my hands are messed up don't mean I won't do something to you." Mr. Williams stated he also felt threatened and agreed with Ms. Higgins that they should report the incident.

---

[3] Testimony indicated Ms. Higgins and Mr. Williams are platonic friends who carpool together.

After their report, Koch suspended Mr. Jackson for three days before terminating him after an investigation.[4]

On cross-examination, Mr. Jackson acknowledged difficulty with his memory ever since someone broke into his home last year and hit him over the head repeatedly with a hammer. Regarding his ability to remember events, Mr. Jackson testified, "Sometimes I do, and sometimes I don't." When he applied in 2016 to work at Koch, he acknowledged a criminal history. He wrote on the application that the crimes occurred more than seven years ago. However, Mr. Jackson pled guilty in 2015 to attempted theft of property. Mr. Jackson further admitted previous diagnoses of schizophrenia and bipolar, but he disputed mental health records that reflected he also exhibited hostile behaviors.

Mr. Jackson stated he had no problems at work before the injury but afterward felt "targeted" at Koch.[5] He asserted that Ms. Higgins and Mr. Williams "made up" their written statements and speculated that they were forced to write the statements or risk termination. Mr. Jackson referred to the events that occurred as a "set-up" to terminate him because he was injured.

## Findings of Fact and Conclusions of Law

At a compensation hearing, Mr. Jackson must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

An employee is not entitled to recover increased permanent benefits when: (1) he voluntarily resigns for reasons unrelated to the work injury; or (2) the loss of employment is due to the employee's misconduct connected with the employment. Tenn. Code Ann. § 50-6-207(3)(B), (D) (2018). When an employee is terminated due to misconduct, the Court must find "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *Durham v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00708-WC-R3-WC, 2009 Tenn. LEXIS 3, at *9 (Tenn. Workers' Comp. Panel Jan. 5, 2009).

Here, Koch argued Mr. Jackson is not entitled to increased permanent benefits beyond his impairment rating because he was terminated for misconduct for violation of its rules. The Court agrees.

---

[4] Video footage of the hallway existed, and Mr. Holmes reviewed the footage but did not retain it. The Court previously ruled on a motion for spoliation sanctions holding that the least severe sanction to remedy the prejudice suffered by Mr. Jackson is a negative inference that the video would have been unfavorable to Koch.

[5] Koch hired Mr. Jackson on or about October 26, 2016, and his injury occurred on November 21.

3

The Court finds Mr. Jackson engaged in misconduct on June 14, 2017, that violated Koch's rules. Even with a negative inference that hallway video footage would have been unfavorable to Koch (demonstrating no cursing by Mr. Jackson), the Court finds the testimony of Ms. Higgins and Mr. Williams credible: Mr. Jackson followed them outside, cursed Mr. Williams, threatened him, and told him not to return to the smock room.

Mr. Jackson acknowledged that Koch could have terminated him under its rules for cursing at a co-worker on January 30, and it chose not to issue a written warning when Mr. Jackson became "very upset" with the security supervisor on April 12. Those actions do not indicate that Koch had pre-textual motivations for terminating Mr. Jackson.

The Court finds Mr. Jackson's actions qualified as misconduct under established or ordinary workplace rules, and his actions were the true motivation for his dismissal. His testimony implicated his ability to accurately remember events and to testify truthfully. Mr. Jackson's credibility is intricately tied to the misconduct issue, and the Court does not find his testimony credible. Therefore, the Court holds Mr. Jackson failed to establish by a preponderance of the evidence that he is entitled to increased benefits beyond his original award.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Jackson's claim for increased benefits is denied.

2. Koch Foods shall pay court costs of $150.00 to the Court Clerk within five business days of this order becoming final.

3. Koch Foods shall prepare and submit a Statistical Data Form (SD2) within ten business days of this order becoming final.

4. Absent an appeal, this order shall become final thirty days after issuance.

**ENTERED October 25, 2019.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:

1. Photographs of Koch's facility
2. Koch's Employee Handbook (Pages 48 and 49)
3. Mr. Jackson's Responses to Koch's Requests for Production
4. Criminal conviction record from May 27, 2015
5. Acknowledgement of Receipt of Handbook
6. Corrective Action Notice (January 31, 2017)
7. Corrective Action Notice (June 22, 2017)
8. Corrective Action Notice (June 28, 2017)
9. Separation Notice
10. Affidavit of Mr. Holmes (Identification Only)
11. Personnel file of Mr. Jackson (Identification Only)


Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice, April 18, 2019
3. Request for Scheduling Hearing
4. Scheduling Hearing Order
5. Motion for Spoliation Sanctions
6. Brief in Support of Motion for Spoliation Sanctions
7. Koch's Response to Employee's Motion for Spoliation Sanctions
8. Motion to Compel Discovery Answers
9. Koch's Response to Employee's Motion to Compel Discovery Answers
10. Order Granting Motion for Spoliation Sanctions
11. Order Denying Motion to Compel Discovery Answers
12. Dispute Certification Notice, September 13, 2019
13. Pre-Compensation Hearing Statement
14. Trial Brief of Koch

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 25, 2019.

| Name | Certified Mail | Email | Service Sent to: |
|---|---|---|---|
| Tim Henshaw, Employee's Attorney | | X | tim@mcmahanlawfirm.com |
| Ben Reese, Employer's Attorney | | X | btr@smrw.com |

_____ w/permission

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____ , 20___.

[Signature of appellant or attorney for appellant]    _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____, Relationship: _____

_____, Relationship: _____

_____, Relationship: _____

_____, Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                   RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month        Medical/Dental  $ _____ per month

Groceries        $ _____ per month        Telephone        $ _____ per month

Electricity      $ _____ per month        School Supplies $ _____ per month

Water            $ _____ per month        Clothing         $ _____ per month

Gas              $ _____ per month        Child Care       $ _____ per month

Transportation   $ _____ per month        Child Support    $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile                $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                     $ _____        (FMV) _____

Other                     $ _____        Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                    RDA 11082